UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANTOIWAN GIBSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:17-CV-21-TAV |
| | ) | 3:15-CR-66-TAV-HBG-1 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This pro se federal inmate has filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [Doc. 126].[1] Petitioner has also filed the following motions which are before the Court: (1) motion for extension of time to file legal memorandum, for certain discovery, and for relief under Rule 36 [Doc. 127]; (2) motion to amend his § 2255 motion [Doc. 133]; (3) a second motion for extension of time to file legal memorandum, for certain discovery, and for relief under Rule 36 [Doc. 134]; and (4) motion for *in forma pauperis* status [Doc. 135]. The Court will address these motions in turn.

**I.     Motions for Extension of Time and for Discovery**

Petitioner filed a motion for extension of time to file a legal memorandum and for discovery of certain sealed documents on January 23, 2017 [Doc. 127]. He filed an identical motion requesting the same relief on May 8, 2017 [Doc. 134]. The Court will first address the discovery request and will then turn to the request for an extension of time.

As to Petitioner's request for discovery, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in

---

[1] All citations to the Court record refer to Case No. 3:15-CR-66.

accordance with the practices and principles of law." Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The "party requesting discovery must provide reasons for the request." Rule 6(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. However, a petitioner is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).[2]

Thus, a court must provide discovery for a § 2255 motion only upon a showing of good cause. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

In this case, Petitioner seeks to have the Court: (1) conduct a review, "in camera or otherwise," of the sealed documents; (2) provide a summary of those documents to Petitioner and Respondent's counsel; and (3) rule provisionally that the documents be unsealed for Petitioner's use solely in connection with these § 2255 proceedings [Doc. 127 pp. 2–3]. Petitioner maintains that he has done his best to present cognizable issues for collateral review in his § 2255 motion, but that the sealed documents might contain crucial information which would allow him to present full argument in connection with those issues in his supporting memorandum brief [*Id*. at 1–2].

Petitioner's blanket allegations that discovery might help him collect information germane to the claims offered in his § 2255 motion lacks factual elaboration. Petitioner has not

---

[2] Although *Bracy* involved a § 2254 proceeding, "[p]recedents under § 2255 and under § 2254 may generally be used interchangeably." *United States v. Asakevich*, 810 F.3d 418, 423 (6th Cir. 2016) (quoting 3 Charles Alan Wright et al., Federal Practice and Procedure § 623 (4th ed. 2015)); *see also* Advisory Committee Notes 1976 Adoption (observing that the discussion of Rule 6 in § 2254 proceedings "is fully applicable to discovery" under Rule 6 in § 2255 proceedings).

indicated the ways in which the sought materials would help him develop the facts fully and he has not identified the issues in his § 2255 motion that he wishes to expand with further factual elaboration. He also has not shown how such facts may be able to demonstrate that he is entitled to relief.

Lacking any inkling as to what Petitioner seeks to discover in these materials, the Court considers his request to be more in the nature of a fishing expedition. This is not a proper purpose for the discovery process. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (instructing that Rule 6 of the Rules Governing Section 2254 Cases does not "sanction fishing expeditions based on conclusory allegations") (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997)); *Till v. United States*, No. 107-CV-55, 2007 WL 1704397, at *7 (W.D. Mich. June 11, 2007) (citing *Bagley*, 380 F.3d at 974) (observing that a § 2255 movant may not "embark upon a 'fishing expedition' based solely on conclusory allegations").

At this phase of the proceedings, the Court has no "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *See Bracy*, 520 U.S. at 908–09. Accordingly, Petitioner's request for discovery of sealed documents will be denied.

Petitioner also asks the Court for a ninety day extension of time—a period to be triggered on the date of his receipt of the sealed documents—to file a legal memorandum in support of his § 2255 motion [Doc. 127 p. 2]. Because the Court will deny the discovery component of this motion, the Court declines to grant the lengthy extension of time Petitioner requests. Even so, the Court will allow Petitioner a lesser amount of time to file his supporting brief. Therefore, the part of the motion requesting additional time for Petitioner to submit a supporting brief will be

granted, but only to the extent that Petitioner will have thirty days from the date on this Order to file his supporting brief.

II.     **Relief Under Rule 36**

Petitioner also requests relief under Rule 36 of the Federal Rules of Criminal Procedure for the Court to correct a clerical error in the judgment [Doc. 127 p. 3]. Rule 36 provides that courts "may at any time correct a clerical error in a judgment." Fed. R. Crim. P. 36. Petitioner contends that the judgment reflects that he pled guilty to "distribute and possess with intent to distribute a kilogram or more," when he was actually convicted "of a drug quantity of 100 grams or more" [Doc. 127 p. 3]. The Court notes that the judgment states that Petitioner is guilty of "Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or More of Heroin" [Doc. 101 p. 1], which is the same offense Petitioner contends he pled guilty to. Therefore, it does not appear that there is a clerical error and Petitioner's request for relief under Rule 36 will be denied.

III.    **Motion for *In Forma Pauperis* Status and Other Relief**

Petitioner moves for *in forma pauperis* status and other relief [Doc. 135]. In this motion, Petitioner maintains that he sent to the Clerk of Court a letter request for transcripts and photocopies of documents in his criminal case, but that the Clerk responded to his letter by informing him that he could obtain the transcripts by contacting the court reporter directly [*Id.* at 1]. Petitioner's wife contacted the court reporter, who told Petitioner's wife that the transcription cost of the transcripts would be approximately $200.00 [*Id.*]. Petitioner asserts that both he and his wife are indigent and that neither of them can afford to pay for the transcripts [*Id.*]. Petitioner asks that he be furnished "with all case transcripts" free of charge [*Id.* at 2].

4

An indigent prisoner does not have a constitutional right to a free transcript, but he is entitled to have the government pay for a transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issues presented in his case. *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317, 325–27 (1976) (plurality opinion). The Constitution, however, does not require that an indigent applicant "be furnished every possible legal tool, no matter how speculative its value, and no matter how devoid of assistance it may be, merely because a person of unlimited means might choose to waste his resources in a quest of that kind." *Id.* at 330 (Blackmun, J., concurring).

Furthermore, conclusory allegations typically do not support a request for a free transcript under § 753(f). *Id.* at 326–27 (finding that "merely a conclusory allegation" or a "naked allegation" does not meet the conditions for obtaining a transcript at government expense under § 753(f)); *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (citing *MacCollom*, 426 U.S. at 326) (noting that "[c]onclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of § 753(f)"); *United States v. West*, No. 93-5525, 1993 WL 375797, * at 1 (6th Cir. Sept. 23, 1993) (citing *Sistrunk*, 992 F.2d at 259) (explaining that "[c]onclusory allegations, without more, do not satisfy the requirements of § 753(f)"). Instead, a movant must show a particularized need for a transcript. *Sistrunk*, 992 F.2d at 259 (citing *MacCollom*, 426 U.S. at 326) (holding that access to a free transcript depends upon "a showing of a particularized need for the transcript as required by § 753").

Petitioner's only explanation as to why he needs transcripts consists of nothing more than his bare assertion that he "cannot afford to pay for these necessary transcripts" [Doc. 135 p. 1]. Petitioner has not satisfied his burden of showing a non-frivolous claim or a particularized need

5

for transcripts; therefore, his motion for *in forma pauperis* status, which he intends to use as a means for obtaining a free transcript, will be denied.

**IV.     Motion to Amend**

Lastly, Petitioner moves to amend his motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [Doc. 133]. The proposed amended § 2255 motion is virtually the same as the original § 2255 motion [Doc. 126], except that Petitioner has added two sub claims—one with respect to Ground 2 and one with respect to Ground 3.

Petitioner's judgment was entered on the Court's docket on October 3, 2016 [Doc. 101]. That judgment became final on October 17, 2016, upon the lapse of the fourteen-day period of time within which he could have filed a notice of appeal. Fed. R. App. P. 4(b)(1); *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (observing that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed" (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004))).

Petitioner has one-year from that date, until October 17, 2017, to file a § 2255 motion and any amendments to his § 2255 motion. *See* 28 U.S.C. § 2255(f); *Watkins v. Deangelo-Kipp*, No. 15-2445, 2017 WL 87019, at *1 (6th Cir. Jan. 10, 2017) (finding an amended § 2255 motion did not relate back to the original § 2255 motion or qualify for equitable tolling and thus was untimely). Petitioner timely filed his original motion to vacate on January 23, 2017 [Doc. 126]. The motion to amend likewise is timely.

Leave to amend should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a); *United States v. Clark*, 637 F. App'x 206, 208–09 (6th Cir. 2016). Accordingly, Petitioner's motion to amend will be granted and Petitioner's amended § 2255 motion will supplant his original motion.

V.     **Amended § 2255 Motion**

The amended § 2255 motion recites that Petitioner was convicted, pursuant to his guilty plea, of conspiring to manufacture and distribute a kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), receiving for this offense 180 months' imprisonment [Doc. 133]. Petitioner charges that his attorney gave him ineffective assistance during the investigatory, plea, pre-sentencing, and sentencing phases of his criminal proceedings [*Id.* at 4–5].

Since it does not plainly appear from the face of the amended motion that it should be summarily dismissed, the United States Attorney will be ordered to file an answer or other pleading within sixty days from the date of this Order, which is thirty days from the deadline for Petitioner to submit a timely memorandum brief. Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Although a reply to the government's answer is not necessary, if Petitioner wishes to file a reply, he shall do so within thirty days after the government files its brief. Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Furthermore, the Court directs Petitioner's attention to Local Rule 7.1(b), which provides that briefs "shall not exceed 25 pages in length," and to Local Rule 7.1(c), which provides that any reply must directly reply to the points and authorities in the government's answer and shall not be used to reargue the points included in his § 2255 motion. E.D. Tenn. L.R. 7.1(b)–(c).

## VI. Conclusion

In sum, the Court hereby **ORDERS** the following:

1. Petitioner's Motion for Extension of Time to File Legal Memorandum and for Other Relief [Doc. 127] is **GRANTED in part and DENIED in part** such that Petitioner has **thirty (30) days** from the date on this Order to file his supporting brief, but the Court will not provide Petitioner with the requested discovery or relief under Rule 36.

2. Petitioner's Motion to Amend [Doc. 133] is **GRANTED** and his amended § 2255 motion supplants his original motion.

3. Petitioner's second Motion for Extension of Time to File Legal Memorandum and for Other Relief [Doc. 134] is **DENIED as moot** in that it requests the same relief as his previous motion [Doc. 127], which the Court addresses in this opinion.

4. Petitioner's Motion for *In Forma Pauperis* Status and for Other Relief [Doc. 135] is **DENIED**.

5. The United States Attorney is **ORDERED** to file an answer or other pleading within **sixty (60) days** from the date of this Order. If Petitioner wishes to file a reply, he **SHALL** file that reply within **thirty (30) days** from the date the government files its answer with the Court.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE