UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANTOIWAN GIBSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) No.: | 3:15-CR-66-TAV-HBG-1 |
| | ) | 3:17-CV-21-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on Petitioner's motion for an extension of time to file a reply to the Government's response to his § 2255 petition [Doc. 141],[1] Petitioner's motion for an extension of time and additional relief [Doc. 142], Petitioner's motion to amend his § 2255 petition [Doc. 143], and Petitioner's status motion [Doc. 148].

### I. PETITIONER'S MOTIONS FOR EXTENSION OF TIME

On January 23, 2017, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 126]. Petitioner previously filed a motion for an extension of time and for discovery relief [Doc. 127], which the Court granted in part and denied in part on May 19, 2017 [Doc. 136 p. 8]. The Court denied Petitioner's requests for discovery, but granted him thirty days in which to file a supporting brief [*Id.*]. Petitioner also filed a second motion for an extension of time to file a supporting brief and for other relief [Doc. 134], which the Court denied as moot [Doc. 136 p. 8]. The Court also ordered the Government to file an answer or other pleading within sixty days of its order [*Id.*]. Petitioner

---

[1] Each document will be identified by the court file number assigned to it in the underlying criminal case.

filed another motion for an extension of time on June 19, 2017 [Doc. 137], which the Court granted on June 21, 2017 [Doc. 138]. The Court granted Petitioner an additional thirty days in which to file a brief in support of his § 2255 petition, and extended Respondent's deadline for filing an answer to the § 2255 petition an additional thirty days [Doc. 138]. The Government filed its response in opposition on August 11, 2017 [Doc. 140].

In his first pending motion for an extension of time [Doc. 141], filed on August 14, 2017, Petitioner requests an extension of time until October 3, 2017, "to file his supporting legal memorandum" [*Id.* at 2]. Petitioner states that he is requesting the extension of time because the Court had not yet responded to his earlier motion for an extension of time [Doc. 137]. However, the Court granted Petitioner's motion on June 21, 2017 [Doc. 138]. Therefore, Petitioner's first motion for an extension of time [Doc. 141] is **DENIED AS MOOT**.

In his second pending motion for an extension of time and for additional relief [Doc. 142], filed on August 17, 2017, Petitioner requests an additional thirty-day extension of time to file his reply to the Government's response [*Id.* at 2]. Additionally, Petitioner requests leave to file a reply brief in excess of fifteen pages [*Id.*]. In his motion, Petitioner states that he had not received the Court's previous order granting his motion for an extension of time or the Government's response to his § 2255 petition [*Id.*]. [*See* Docs. 138, 140]. He claims he has been unable to file a "supporting Legal Memorandum" because he was transferred to state custody for sentencing hearings for his state conviction "without access to his legal paperwork" [Doc. 142 p. 1]. However, Petitioner subsequently filed a motion to amend to his § 2255 petition [Doc. 143]. Therefore, Petitioner's motion for an extension of time to file his reply to the Government's response [Doc. 142] is **DENIED AS MOOT**.

2

## II. PETITIONER'S MOTION TO AMEND AND STATUS MOTION

On September 15, 2017, Petitioner filed a motion to amend his § 2255 petition [Doc. 143], as well as an affidavit [Doc. 144] and memorandum in support of his motion to amend [Doc. 145]. Petitioner also attached his proposed amended § 2255 petition [Doc. 143-1]. The Court previously granted Petitioner's earlier motion to amend his § 2255 petition [Doc. 133] on May 19, 2017, and held that "Petitioner's amended § 2255 motion will supplant his original motion" [Doc. 136 p. 7]. The Government filed their response in opposition on August 11, 2017 [Doc. 140]. In his pending motion to amend his § 2255 petition, Petitioner claims that after receiving "the assistance of one of FCI-Milan's Law Clerks," he has stated two meritorious claims [Doc. 143 p. 2].

Petitioner's judgment was entered on the Court's docket on October 3, 2016 [Doc. 101], and became final on October 17, 2016, upon the lapse of the fourteen-day period of time within which he could have filed a notice of appeal. Fed. R. App. P. 4(b)(1); *see Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012). Petitioner therefore had one year from that date—until October 17, 2017—to timely file his § 2255 petition and any amendments to his § 2255 petition. *See* 28 U.S.C. § 2255(f); *Watkins v. Deangelo-Kipp*, No. 15-2445, 2017 WL 87019, at *1 (6th Cir. Jan. 10, 2017). Petitioner timely filed his original § 2255 petition on January 23, 2017 [Doc. 126]. Petitioner's motion to amend [Doc. 143], filed on September 15, 2017, is also timely.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires." Relevant factors the Court considers in ruling on a motion to amend include "undue delay in filing, lack of notice to the opposing party, bad

faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1965)). Although the Government has already filed its response to Petitioner's § 2255 petition, the decision to grant or deny a motion to amend a habeas petition is within the sound discretion of the district court. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998); *see, e.g.*, *United States v. Clark*, 637 F. App'x 206, 208–09 (6th Cir. 2016).

Accordingly, Petitioner's motion to amend [Doc. 143] is **GRANTED**, and Petitioner's amended § 2255 petition [Doc. 143-1] will supplant his original petition. Further, the Government is hereby **ORDERED** to file a response or other pleading to the amended § 2255 petition within **thirty days** of entry of such a filing. Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Although a reply to the Government's answer is not necessary, if Petitioner wishes to file a reply, he shall do so within **thirty days** after the Government files its brief. Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court directs Petitioner's attention to Local Rule 7.1(b), which provides that briefs "shall not exceed 25 pages in length," and to Local Rule 7.1(c), which provides that any reply must directly respond to the points and authorities in the Government's answer, and shall not be used to reargue the points included in the § 2255 petition. E.D. Tenn. L.R. 7.1(b)–(c).

Petitioner also filed a status motion on December 14, 2017, explaining the reasons for the delays in his case and requesting a copy of the Court's docket sheet [Doc. 148]. Petitioner's

status motion [Doc. 148] is **GRANTED in part**, to the extent that the instant order is being entered.

## III. CONCLUSION

For the reasons set forth above, the Court hereby orders as follows:

1. Petitioner's first motion for an extension of time [Doc. 141] is **DENIED AS MOOT**;

2. Petitioner's second motion for an extension of time to file his reply to the Government's response [Doc. 142] is **DENIED AS MOOT**;

3. Petitioner's motion to amend his § 2255 petition [Doc. 143] is **GRANTED**;

4. The Clerk of Court is **DIRECTED** to file the previously submitted Petitioner's amended § 2255 petition [Doc. 143-1] as a new docket entry; this petition will supersede and replace the petitioner's original petition;

5. The Government is hereby **ORDERED** to file a response or other pleading to the amended § 2255 petition within thirty (30) days of entry of such filing; and

6. Petitioner's status motion [Doc. 148] is **GRANTED in part**, to the extent that the Clerk is **DIRECTED** to send Petitioner a copy of his current ECF docket sheet.

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE