UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ANTOIWAN GIBSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:17-CV-21-TAV |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Petitioner Antoiwan Gibson had filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. 1], twice amended to its current form [Doc. 20], and several other related filings. The government has twice responded in opposition [Docs. 9, 21], and Gibson replied [Doc. 26]. Based on the record and argument before the Court, it is unnecessary to hold an evidentiary hearing,[1] and the second amended motion will be denied.

Gibson pleaded guilty to conspiring to distribute at least one hundred grams of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [Doc. 56, No. 3:15-cr-66]. He was subject to a sentence of no less than five and up to forty years' imprisonment [*Id.*]. Based on the drug quantity for which the Presentence Investigation

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

Report ("PSR") initially held Gibson accountable and his criminal history, Gibson's term of imprisonment under the advisory United States Sentencing Guidelines was the statutorily required minimum sentence of 60 months [*Id.* at ¶ 68].

The government objected to the drug quantity for which petitioner was held responsible, and also the lack of a death-results enhancement under § 2D1.1(a)(2) and of a leadership-role enhancement under § 3B1.1 [Doc. 86, No. 3:15-cr-66]. Based on additional evidence provided by the government, the Probation Office agreed with these objections and revised the PSR accordingly; as a result, Gibson faced a sentence of 324 to 405 months' imprisonment [Doc. 89, No. 3:15-cr-66].

The parties agreed to a Rule 11(c)(1)(C) amendment to the plea agreement, under which they stipulated to a sentence of 180 months' imprisonment [Doc. 93, No. 3:15-cr-66]. This Court ultimately accepted the Rule 11(c)(1)(C) agreement and sentenced petitioner to the agreed-upon term of 180 months' imprisonment on October 3, 2016 [Doc. 101, No. 3:15-cr-66]. Petitioner did not appeal, so his judgment became final on October 17, 2016. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). He now seeks relief in this motion under § 2255, in which he asserts claims of ineffective assistance of counsel and that he is actually innocent of the statutory death-results enhancement under 21 U.S.C. § 841 [Doc. 20].[2]

---

[2] Because it has been determined that "Petitioner's amended § 2255 petition will supplant his original petition" [Doc. 24], only arguments made in Gibson's second amended petition [Doc. 20] are considered below.

The Court must vacate, set aside, or correct petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Claims of ineffective assistance of counsel and actual innocence—which Gibson brings here—are cognizable on § 2255 motions. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Gibson's first two, related claims—that he is actually innocent of any death-results enhancement under U.S.S.G. § 2D1.1(a)(2) or 21 U.S.C. § 841, and that counsel was constitutionally ineffective for allowing him to enter into a Rule 11(c)(1)(C) agreement that purportedly entailed such an enhancement—are both based on the premise that his sentence was the product of either death-results enhancement. It was not. Gibson was sentenced to an agreed-upon term of 180 months' imprisonment in accordance with a Rule 11(c)(1)(C) plea agreement, which the Court accepted. That stipulated sentence was far lower than Gibson's sentencing exposure of 324 to 405 months if the death-results enhancement under § 2D1.1(a)(2) were applied, and as Gibson's signed plea agreement itself states, was the result of "extensive negotiations regarding the application of certain

3

provisions of the Sentencing Guidelines to this defendant's case, and most particularly regarding the application of the death-resulting enhancement under Sentencing Guidelines Section 2D1.1(a)(2)" [Doc. 93, No. 3:15-cr-66]. Because Gibson was not sentenced under the death-results enhancement, it is irrelevant whether he is actually innocent of that enhancement.[3] And even if Gibson were "innocent" of death-results enhancement, he did not, as he argues, enter into a plea agreement that "entailed" that enhancement, so his counsel could not have been deficient for allowing him to enter into such an agreement. Gibson's claims therefore fail.

Gibson also accuses his counsel of prematurely transmitting the amended plea agreement, which Gibson had already signed, to the United States for filing with the Court. According to Gibson, his counsel transmitted the plea agreement on September 22, 2016, before Gibson (admittedly) gave his consent to do just that on September 30 of the same year. Even if this were true, Gibson has not alleged that, without his counsel's purported ahead-of-time transmitting, he would have gone to trial, *see Hill v. Lockhart*, 474 U.S. 52 (1985), or that the asserted discrepancy otherwise prejudiced him, *see Strickland v. Washington*, 466 U.S. 668 (1984). This claim therefore fails.

For these reasons, relief based on § 2255 is not warranted, so Gibson's amended motion will be **DENIED** [Doc. 20]. Gibson's other pending motions will therefore be

---

[3] Gibson also waived his right to bring this claim in his plea agreement, where he waived his right to "file any motions or pleading pursuant to 28 U.S.C. § 2255," except for claims of "prosecutorial misconduct" and "ineffective assistance of counsel" [Doc. 56, No. 3:15-cr-66]. Gibson's claim of actual innocence does not fall within either exception.

**DENIED** as moot [Docs. 27, 31, 34]. This action will be **DISMISSED**, and the Court will **CERTIFY** that any appeal from this action would not be taken in faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, Gibson has not made a substantial showing of the denial of a constitutional right because jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), so a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ORDER ACCORDINGLY:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE